TRACY C. LEMMON, Bar No. 193372
BRAGG & DZIESINSKI
Embarcadero Center West
275 Battery Street, Suite 1100
San Francisco, CA 94111
(415) 273-6500 - Telephone
(415) 273-6535 - Facsimile

Attorneys for Defendant,
Humanscale Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK THOMSEN,<br><br>Plaintiff,<br><br>vs.<br><br>HUMANSCALE CORPORATION<br><br>Defendant. | CASE NO. C 06-02914 MMC (JCS)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

In order to protect the confidentiality of Confidential Information obtained by Plaintiff Erik Thomsen and Defendant Humanscale Corporation (the "Parties") in connection with this case, the Parties, by and through their respective counsel, stipulate as follows:

1. Any party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain information involving trade secrets, proprietary information, or confidential business or financial information ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated as confidential consistent with the terms of this Stipulation and Order. All parties shall be responsible for marking as "confidential" all previously

unmarked copies of the designated as confidential material in their possession or control. Upon such objection, the parties shall follow the procedures described in paragraph 7 below.

2. All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

3. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) the parties;

(b) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(c) employees of such counsel;

(d) any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(e) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person agrees in writing to the terms of this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(f) any authors or recipients of the Confidential Information; and

(g) the Court, Court personnel, and court reporters.

4. Any parties receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

5. For applications and motions to the Court in support of which a party intends to submit Confidential Information, the party shall give the other parties to the action 20 days actual

written notice (such as by confirmed fax delivery) identifying the confidential information and documents to be filed, to permit other parties to the action to request a "sealing" order or other relief from the court. After providing 20 days actual notice of intent to file confidential information, a party may file such information with the court unless the court instructs otherwise.

6. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

7. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material. The party who challenges the confidential designation of the material shall have twenty-five (25) days from the date of such written notice to apply to the Court for an order declassifying the material as not confidential. The party seeking the order has the burden of establishing that the document is not entitled to protection.

8. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party who claims that the material is not Confidential Information withdraws such designation in writing; or

(b) the party who claims that the material is not Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not Confidential Information.

9. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.

10. The terms of this Stipulation and Order do not preclude, limit, restrict, or otherwise apply to the use of documents or information at trial.

11. Nothing herein shall be deemed to waive any applicable privilege or work product

protection, or to affect the ability of a party to seek relief from an inadvertent disclosure of material protected by privilege or work product protection.

   12. Upon conclusion of this litigation, all Confidential Information and discovery materials shall be returned to the producing party or shall be destroyed, at the election of the producing party.

DATED: August 21, 2006      BRAGG & DZIESINSKI

By: _____
   TRACY C. LEMMON
   Attorney for Defendant
   Humanscale Corporation

DATED: August ___, 2006     LAW OFFICES OF ALAN ADELMAN

By: _____
   ALAN ADELMAN
   Attorney for Plaintiff
   Erik Thomsen

**IT IS SO ORDERED:**

DATED: _____, 2006

_____
MAXINE M. CHESNEY
Judge of the United States District Court
Northern District of California

protection, or to affect the ability of a party to seek relief from an inadvertent disclosure of material protected by privilege or work product protection.

12. Upon conclusion of this litigation, all Confidential Information and discovery materials shall be returned to the producing party or shall be destroyed, at the election of the producing party.

DATED: August ___, 2006                BRAGG & DZIESINSKI

                                       By: _____
                                       TRACEY C. LEMMON
                                       Attorney for Defendant
                                       Humanscale Corporation

DATED: August 21, 2006                 LAW OFFICES OF ALAN ADELMAN

                                       By: *Alan Adelman*
                                       ALAN ADELMAN
                                       Attorney for Plaintiff
                                       Erik Thomsen

**IT IS SO ORDERED**: further, with respect to the filing of documents under seal, the parties shall comply with Civil Local Rule 79-5.

DATED: August 23, 2006                 _____
                                       MAXINE M. CHESNEY
                                       Judge of the United States District Court
                                       Northern District of California

---
4
STIPULATION AND PROTECTIVE ORDER